Tegan Rodkey, Esq.
E: tegan@pricelawgroup.com
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Ste 247
Encino, CA 91310
T: (818) 600-5526
F: (818) 600-5526

*Attorneys for Plaintiff*
*Nicholas Jeffers*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (WESTERN DIVISION)

| | |
|---|---|
| Nicholas Jeffers, *Individually and on behalf of all those similarly situated.*<br><br>Plaintiff,<br><br>v.<br><br>Arcon Credit Solutions, LLC,<br><br>Defendants. | **Case 2:23-cv-5789**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FDCPA, 15 U.S.C. § 1692,** *et seq.* |

## CLASS ACTION COMPLAINT

Plaintiff Nicholas Jeffers ("Plaintiff"), individually and on behalf of all those similarly situated, sues Arcon Credit Solutions LLC ("Defendant") for violations of the Fair Debt Collection Practices Act.

## NATURE OF ACTION

1

1. The Consumer Financial Protection Bureau ("CFPB") is the administrative agency authorized to exercise its authorities under Federal consumer financial law to administer, enforce, and otherwise implement the provisions of Federal consumer financial law. *See* 12 U.S.C. § 5512; 15 U.S.C. § 1692l(d); *see also* 12 C.F.R. § 1006.1(a).

2. On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the Fair Debt Collection Practices Act ("FDCPA").

3. Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

4. With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1(b). Moreover, Reg F, **"prescribes requirements to ensure that certain features of debt collection**

**are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances**." Id. (emphasis added).

5. This is a punitive class action under the FDCPA arising from Defendant's violations of the FDCPA pursuant to Reg F.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

7. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

8. Venue in this District is proper because Plaintiff resides here, Defendant transact business here, and the complained conduct of Defendant occurred here.

## PARTIES

9. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Los Angeles County, California.

10. Defendant is a Minnesota limited liability company, with its principal place of business located in Woodbury Minnesota 55125.

## DEMAND FOR JURY TRIAL

11. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

12. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

13. The Consumer Debt is a "consumer financial product or service" within the meaning of 12 U.S.C. § 5481(5).

14. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from an unsecured line of credit between the original creditor of the Consumer Debt, WebBank, and Plaintiff (the "Subject Service").

15. The Subject Service was primarily for personal, family, or household purposes.

16. The Consumer Debt is a debt related to a consumer financial product and/or service because the Consumer Debt arises from the unsecured line of credit the original creditor extended to Plaintiff, whereby said

4

unsecured line of creditor was for the personal benefit of Plaintiff, Plaintiff's family, and/or members of Plaintiff's household.

17. The Consumer Debt is a consumer financial product pursuant to 12 U.S.C. § 5481(15)(A)(i).

18. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

19. Defendant is a business entity engaged in the business of collecting consumer debts.

20. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

23. On or after April 13, 2023, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

24. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

25. Defendant did not send the Collection Letter *via* certified mail, registered mail, or any other means which would provide Defendant with conformation that the Collection Letter was delivered.

26. Defendant was required to provide "validation information" in the Collection Letter. *See* 12 C.F.R. § 1006.34(c).

27. The "validation information" that Defendant was required to provide in the Collection Letter includes, but is not limited to "[i]nformation about consumer protection." *See* 12 C.F.R. § 1006.34(c)(3).

28. The "[i]nformation about consumer protection" that Defendant was required to provide in the Collection Letter includes, but is not limited to:

  (i) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

  (ii) The date that the debt collector will consider the end date of the validation period and a statement that, if the

consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

(iii) The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid. *See* 12 C.F.R. § 1006.34(c)(3)(i)-(iii).

29. The "validation period," for purposes of Reg F, "means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information." 12 C.F.R. § 1006(b)(5).

30. With respect to calculating the "end of the validation period," § 1006(b)(5) of Reg F further provides that, "[f]or purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at **least five days**

**(excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it**." 12 C.F.R. § 1006(b)(5).

31. April 13, 2023, is the date Defendant attempted to provide the "validation information," for purposes of compliance with Reg F, to Plaintiff. *See* Collection Letter (wherein the Collection Letter is dated April 13, 2023).

32. Five days (excluding legal public holidays identified in 5 U.S.C. § 6103(a), Saturdays, and Sundays) after April 13, 2023, is April 4, 2023.

33. Thirty (30) days after April 4, 2023, is May 20, 2023.

34. In the Collection Letter, Defendant represented "May 18, 2023" as the "date that the debt collector will consider the end date of the validation period" pursuant to 12 C.F.R. § 1006.34(c)(3)(i). *See* Collection Letter (stating, "If you write us by May 18, 2023, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.").

35. In the Collection Letter, Defendant represented "May 18, 2023" as the "date that the debt collector will consider the end date of the validation period" pursuant to 12 C.F.R. § 1006.34(c)(3)(ii). *See* Collection Letter (stating, "Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by May 18, 2023, we must stop collection until we send you that information.").

36. In the Collection Letter, Defendant represented "May 18, 2023" as the "date that the debt collector will consider the end date of the validation period" pursuant to 12 C.F.R. § 1006.34(c)(3)(iii). *See* Collection Letter (stating, "Call or write us by May 18, 2023, to dispute all or part of this debt").

37. The end of the validation period represented in the Collection Letter, *i.e.*, May 18, 2023, is shorter than the minimum validation period required by § 1006.34(b)(5) of Reg F, *i.e.,* May 20, 2023.

38. Defendant incorrectly calculated the end of the validation period, shortening the length of the validation period, in violation of 12 C.F.R. §§ 1006.34(b)(5) and (c)(3).

## CLASS ALLEGATIONS

### PROPOSED CLASS

39. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below defined "Validation Date Class."

40. The "**Validation Date Class**" consists of **[1]** all persons with California addresses **[2]** that were sent a letter **[3]** from and/or by Defendant, or someone on Defendant's behalf **[4]** in an attempt to collect a debt **[5]** during the twelve (12) months preceding the filing of this Class Action Complaint **[6]** whereby said letter was required to provide the date Defendant would

consider the end of the validation period in compliance with 12 C.F.R. § 1006.34(c)(3)(i)-(iii) **[7]** and the date provided was unlawfully shortened the length of the validation period in violation of 12 C.F.R. §§ 1006.34(b)(5) and (c)(3).

41. Defendant and its employees or agents are excluded from the Validation Date Class.

42. Plaintiff does not know the number of members in the Validation Date Class but believes the members of the Validation Date Class to be in the several thousands, if not more.

### **Numerosity**

43. Upon information and belief, Defendant has sent thousands of debt collection letters to consumers throughout the United States that are required to provide a date that Defendant considers the end of the validation period for purposes of Reg F compliance, but which unlawfully shortened the length of the validation period below the minimum threshold in violation of 12 C.F.R. §§ 1006.34(b)(5) and (c)(3). The members of the Validation Date Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

44. The exact number and identities of members of the Validation Date Class are unknown at this time and can be ascertained only through

discovery. Identification of each member of the Validation Date Class is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

45. There are numerous questions of law and fact common to the Validation Date Class which predominate over any questions affecting only individual members of the Validation Date Class. Among the questions of law and fact common to the Validation Date Class are: **[1]** whether Defendant sent a letter to Plaintiff and members of the Validation Date Class in an attempt to collect a debt; **[2]** whether said letter was Defendant's initial communication with Plaintiff and members of the Validation Date Class; **[3]** whether Defendant is a debt collector; and **[4]** Whether said letter unlawfully shortens the length of the validation period in violation of §§ 1006.34(b)(5) and (c)(3) of Reg F.

46. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers that violate 12 C.F.R. §§ 1006.34(b)(5) and (c)(3) is accurate, Plaintiff and members the Validation Date Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### Typicality

47. Plaintiff's claims are typical of the claims of the members of the Validation Date Class, as they are all based on the same factual and legal theories.

### PROTECTING THE Interests OF THE CLASS MEMBERS

48. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Validation Date Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Validation Date Class.

### Superiority

49. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Validation Date Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Validation Date Class are in the millions of dollars, the individual damages incurred by each member of the Validation Date Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Validation Date Class prosecuting their own separate claims is remote, and, even if every member of the Validation Date Class could afford

individual litigation, the court system would be unduly burdened by individual litigation.

50. The prosecution of separate actions by members of the Validation Date Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Validation Date Class, although certain class members are not parties to such actions.

## Count 1

**VIOLATION OF 16 U.S.C. § 1692g(b)**

(*Validation Date Class*)

51. Plaintiff, individually and on behalf of the Validation Date Class, incorporates by reference ¶¶ 12 through 50 of this Class Action Complaint.

52. Pursuant to § 1692g(b) of the FDCPA, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

53. As stated above, the Collection Letter was Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. Because of this, Defendant was required to provide certain "validation information" within the Collection Letter. The "validation information" that Defendant was required to provide in the Collection Letter included, *among other things*, the "end date" of the validation period.

54. Pursuant to Reg F, the "end date" of the validation period is required to be a specific, minimum length of time – *i.e.*, thirty (30) days after the "validation information" is assumed to have been received by consumer, whereby the consumer is assumed to have received the "validation information" **at least five days** (*excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays*) **after the debt collector** allegedly provided it. Thus, the shortest "end date" of the validation period available to Defendant was May 20, 2023. In the Collection Letter, however, Defendant unlawfully shorted the minimum validation period by identifying May 18, 2023, as the "end date" of the validation period.

55. Thus, by unlawfully shorting the length of the validation period in the Collection Letter, Defendant violated 12 C.F.R. §§ 1006.34(b)(5) and (c)(3) and, as such, violated 15 U.S.C. § 1692g(b) of the FDCPA because the unlawful shorting of the minimum validation period unlawfully

overshadowed, and was otherwise inconsistent with, the consumer's right to dispute the underlying debt.

**WHEREFORE**, Plaintiff, individually and on behalf of the Validation Date Class, requests this Court to enter a judgment against Defendant, awarding the following relief:

A. Statutory damages as provided by 15 U.S.C. § 1692k;
B. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and
C. Any other relief that this Court deems appropriate under the circumstances.

Respectfully submitted this 18th day of July 2023.

By: *Tegan Rodkey*
Tegan Rodkey, Esq.
E: tegan@pricelawgroup.com
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Ste. 247
Encino, CA 91310
T: (818) 600-5526
F: (818) 600-5526

*Attorneys for Plaintiff*
*NICHOLAS JEFFERS*